Pearson, J.
 

 "We think the question, in respect to the admission of the defendant, was left to the jury in a very clear and satisfactory manner, and the defendant had no reason to complain of it. If the allegation, “ that the plaintiffs had contracted to deliver the goods at Athens,” had been so connected with the other admissions, that it coirld not be stricken out and treated as surplusage, and still leave enough to establish the fact of the sale and delivery of the goods, the exception on the part of the defendant, would be well taken. But such is not the fact. According to the statement of the case, the defendant admits that “ he had ordered the goods — the account was correct, and the goods had been shipped to him in the usual way” — thus confessing a
 
 prima facie
 
 cause of action, and then he adds, by way of avoidance, “ but the plaintiffs had contracted to deliver the goods at Athens ”; and he treats it as a matter alleged in avoidance, by averring his ability to prove it by David Nankin. So, if this part of the admission be rejected as surplusage, because not believed to be true, enough will be left to support the action.
 

 If the admission had been in this wise, “I ordered the
 
 *437
 
 goods, the account of them is correct,
 
 but they were ordered to be delivered to me at
 
 Athens”, the exception would have been well taken; for strike out the admission as to the place of delivery, and there is not enough left to prove the facts necessary to give the plaintiffs a cause of action. But this point, although earnestly made in the argument is not presented by the case as stated in the record. There is no error.
 

 Pee GueiaM. Judgment affirmed.